UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions, Inc., | ) |
|     Plaintiff, | ) 2:15-cv-00313 JWS |
| vs. | ) ORDER AND OPINION |
| Juan Valencia Manzo, *et al.*, | ) [Re: Motions at Docket 26 and 27] |
|     Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 17 the court entered a final default judgment in favor of plaintiff Joe Hand Promotions, Inc. ("Plaintiff"). At docket 19 defendants Juan Valencia Manzo ("Manzo"), Luz Valencia ("Valencia"), and Manzo Restaurants at Central, LLC (collectively, "Defendants") move pursuant to Rules 55(c) and 60(b) for an order setting the judgment aside. Plaintiff opposes at docket 22. Defendants reply at docket 25.

Before the court are two motions related to the above filings. At docket 26 Plaintiff moves to strike portions of Defendants' reply, and at docket 27 Plaintiff moves for leave to file a surreply. At docket 29 Defendants oppose the motion to strike, but not the motion for leave to file a surreply. Plaintiff has not filed a reply.

Oral argument was not requested but would not assist the court.

## II.  BACKGROUND

"Ultimate Fighting Championship 157: Ronda Rousey v. Liz Carmouche" is a televised fighting program ("the Program") that aired in February 2013.  Plaintiff sued Defendants for showing the Program at their restaurant without authorization, in violation of Plaintiff's rights as the Program's exclusive commercial domestic distributor.

On May 7, 2015, Plaintiff submitted a request for entry of default against all Defendants.[1]  This request was supported by proofs of service from James Menona ("Menona"), a process server who declared that on April 9, 2015, at around 12:20 pm he served a copy of the summons and complaint on all three defendants at Valencia Produce, a separate business that Manzo runs.[2]  Menona states that he served all three defendants the same way: "by delivering [copies of the documents] to and leaving [them] with" Manzo and Valencia, personally.[3]

After a clerk's entry of default was issued,[4] Plaintiff moved the court to enter a default judgment in its favor in the amount of $23,000.[5]  The court granted Plaintiff's motion on June 11, 2015.[6]  Exactly one year later, on June 11, 2016, Defendants filed their motion to set aside the default judgment.

---

[1] Doc. 12.

[2] Docs. 9, 10, and 11.

[3] Docs. 9, 10, and 11.  Menona states that service on Manzo Restaurants at Central, LLC was effectuated through service on Valencia, the company's registered agent for service of process.  Doc. 10.

[4] Doc. 13.

[5] Doc. 14.

[6] Doc. 16.

### III.  DISCUSSION

**A.     Motion for Leave to File a Surreply**

Based on Defendants' non-opposition to Plaintiff's motion, Plaintiff will be granted leave to file a surreply that responds to new arguments and evidence that Defendants raised for the first time in reply, including but not limited to the declaration of Linda J. Guzman ("Guzman") at docket 25-1.[7]

**B.     Motion to Strike**

Local Rule of Civil Procedure ("Local Rule") 7.2(m) governs motions to strike.  It provides in pertinent part that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."[8]  The decision to grant or deny a motion to strike is within the court's discretion.[9]

Plaintiff asks the court to strike two pieces of evidence and two arguments that, it argues, Defendants raised for the first time in reply.  Plaintiff relies on *MJG Enterprises*, where the court struck certain arguments and evidence because they were raised for the first time in reply and the plaintiff lacked an opportunity to respond to them.[10]  *MJG Enterprises* can be differentiated from the case at bar, however, because here the non-

---

[7]Plaintiff's surreply need not respond to the returns of service that Defendants submitted as Exhibit B to their reply.  The court agrees with Plaintiff that they are irrelevant.

[8]LRCiv 7.2(m)(1).

[9]*Spencer v. Stapler*, No. 04-1532 PHX SMM, 2006 WL 2052704, at *2 (D. Ariz. July 21, 2006).

[10]*MJG Enterprises, Inc. v. Cloyd*, No. CV-10-0086-PHX-MHM, 2010 WL 3842222, at *6 n.1 (D. Ariz. Sept. 27, 2010) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (internal quotation omitted)).

moving party will have an opportunity to respond to the new arguments and evidence in a surreply brief. Plaintiff's motion to strike will be denied.[11]

### IV. CONCLUSION

Based on the preceding discussion, Plaintiff's motion at docket 26 is DENIED and Plaintiff's motion at docket 27 is GRANTED. Plaintiff may file a surreply that is consistent with this order within 7 days of today's date.

DATED this 21st day of September 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[11] *See, e.g., Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) ("To the extent Plaintiffs may have gone beyond the scope of the Opposition, RGIS was given an opportunity to submit a sur-reply, as well as additional rebuttal declarations of its own. Under these circumstances, it would be inappropriate to grant the relief requested by RGIS."); *Am. Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998) ("Because this court issued a minute order (# 43) allowing defendants an opportunity to respond with their own evidence, defendants' objection on the delay in plaintiffs submission of this evidence is no longer valid.").