1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9                     **DISTRICT OF ARIZONA**
10

11  **Joe Hand Promotions, Inc.,**                )
12                  **Plaintiff,**                )       **2:15-cv-00313 JWS**
13            **vs.**                             )       **ORDER AND OPINION**
14  **Juan Valencia Manzo, *et al.*,**            )       **[Re: Motion at Docket 19]**
15                  **Defendants.**               )
16

17                     **I.  MOTION PRESENTED**

18        At docket 17 the court entered a final default judgment in favor of plaintiff Joe

19  Hand Promotions, Inc. ("Plaintiff").  At docket 19 defendants Juan Valencia Manzo

20  ("Manzo"), Luz Valencia ("Valencia"), and Manzo Restaurants at Central, LLC

21  (collectively, "Defendants") move pursuant to Rules 55(c) and 60(b) for an order setting

22  aside the judgment.  Plaintiff opposes at docket 22.  Defendants reply at docket 25.  At

23  docket 30 the court granted Plaintiff's motion for leave to file a surreply, which Plaintiff

24  filed at docket 31.

25        Oral argument was not requested and would not assist the court.

26                       **II.  BACKGROUND**

27        "Ultimate Fighting Championship 157: Ronda Rousey v. Liz Carmouche" is a

28  televised fighting program ("the Program") that aired in February 2013.  Plaintiff sued

1  Defendants for showing the Program at their restaurant without authorization, in

2  violation of Plaintiff's rights as the Program's exclusive commercial domestic distributor.

3      On May 7, 2015, Plaintiff submitted a request for entry of default against all

4  Defendants.[1]  This request was supported by proofs of service from James Menona

5  ("Menona"), a process server who declared under penalty of perjury that on April 9,

6  2015, at around 12:20 pm he served a copy of the summons and complaint on all three

7  defendants at Valencia Produce, a separate business that Manzo runs.[2]  Menona's

8  declarations of service are somewhat vague as to the manner of service.  Menona

9  states that he served all three defendants "by delivering [copies of the documents] to

10  and leaving [them] with" Manzo and Valencia personally.[3]  As for the manner of service,

11  Menona merely states: "in compliance with the Federal Code [sic] of Civil Procedure."

12      After a clerk's entry of default was issued,[4] Plaintiff moved the court to enter a

13  default judgment in its favor in the amount of $23,000.[5]  The court granted Plaintiff's

14  motion on June 11, 2015.[6]  Exactly one year later, on June 11, 2016, Defendants filed

15  the present motion to set aside the default judgment.

### III.  STANDARD OF REVIEW

17      Rule 55(c) states that a district court may set aside a final default judgment

18  under the "demanding standards set by Rule 60(b)."[7]  Rule 60(b), in turn, states that the

---

[1]Doc. 12.

[2]Docs. 9, 10, and 11.

[3]Docs. 9, 10, and 11.  Menona states that service on Manzo Restaurants at Central, LLC was effectuated through service on Valencia, the company's registered agent for service of process.  Doc. 10.

[4]Doc. 13.

[5]Doc. 14.

[6]Doc. 16.

[7]Fed. R. Civ. P. 55(c) advisory committee's note to 2015 amendment.

1  court may relieve a party from a final judgment for six enumerated reasons.  Although

2  determining whether to set aside a default judgment is largely committed to the

3  discretion of the district courts,[8] that discretion is constrained by the provisions of

4  Rule 60(b).[9]

5  ## IV.  DISCUSSION

6  **A.    Rule 60(b)(4)**

7  Rule 60(b)(4) provides that the court may relieve a party from a final judgment if

8  the judgment is void.  Defendants contend that the default judgment entered against

9  them is void because they were not properly served with process.  Where service of

10  process is not completed properly, the resulting judgment is void because the court

11  never acquired personal jurisdiction over the bound party.[10]

12  When determining whether service was proper, "[a] signed return of service

13  constitutes prima facie evidence of valid service which can be overcome only by strong

14  and convincing evidence."[11]  Here, Plaintiff made a prima facie showing that service of

15  process was valid by submitting Menona's declaration, in which he swears that he

16  personally served Manzo and Valencia with the summons and complaint at Valencia

17  Produce on April 9, 2015.  Defendants rebut Menona's declaration with the declarations

18  of Manzo, Valencia, and Linda J. Guzman ("Guzman"), Valencia Produce's office

19  manager.[12]

20  Manzo's declaration is not strong and convincing evidence.  He states that he

21  does not recall being served with process, but he never actually denies that he was

---

[8]*See Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011).

[9]10A WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2692 (4th ed.).

[10]*See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).

[11]*Id.* at 1166 (citation and internal quotation marks omitted).

[12]Doc. 25-1 at 2.

served.[13]  Valencia's declaration is stronger but nonetheless insufficient.  Valencia states that she was not at Valencia Produce on the day that service was allegedly completed.  This obviously implies that she was not served, but her declaration is conspicuously vague on this point.  Valencia does not explain where she was, nor does she provide any corroborative evidence showing that she was elsewhere.

Defendants' strongest evidence is Guzman's declaration.  Guzman states that she was at Valencia Produce on April 9, 2015, but Manzo and Valencia were not.  She states that a man went to Valencia Produce that day, gave her the summons and complaint from this case, and instructed her to serve them on Manzo.[14]  Guzman's declaration suffers the same flaw as Valencia's, however, in that it is unsupported by objective evidence.  Without such evidence, Defendants have merely presented a conclusory denial of service.  This is insufficient to satisfy Defendants' burden of proving with strong and convincing evidence that they were not served with process.[15]

**B.    Rule 60(b)(1)**

Alternatively, Defendants argue that they are entitled to Rule 60(b)(1) relief.  Rule 60(b)(1) provides that the court may relive a party from a final judgment on account of, among other things, excusable neglect.  "Where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies" the following three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the

---

[13]Doc. 19 at 4; doc. 19-1 at 3.

[14]If this is all Menona did, service of process would not be valid. *See* Fed. R. Civ. P. 4(e); Ariz. R. Civ. P. 4.1(d).

[15]*See The Resolution Trust Corp., as Receiver for Lincoln Sav. & Loan Ass'n, F.A. v. Bowen*, No. CV-92-1671-PHX-PGR, 2008 WL 2001270, at *2 (D. Ariz. May 7, 2008) (citing *S.E.C.*, 509 F.3d 1167); *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513 (N.D. Cal. 2011) ("[W]here a plaintiff has filed a signed return of service, courts regularly find that a self-serving declaration that a person was not served is insufficient to overcome this prima facie evidence of valid service.") (compiling cases).

default."[16]  The court's "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[17]

Because the court finds that Defendants' culpable conduct led to the default, their neglect is not excusable under Rule 60(b)(1).  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."[18]  "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality."[19]  "[A] finding of culpability on the part of a defaulting defendant is sufficient to justify the district court's exercise of its discretion to deny relief from a default judgment."[20]

Here, Manzo claims that he is legally sophisticated in that he is aware of the need to respond to a complaint from his experience with being sued in the past.[21]  In fact, Manzo states that he has been sued by the same plaintiff in this case, and in the past he hired a lawyer and responded to the complaint.  He tells the court that if he had "realized that [th]is action was commenced, [he] would have appeared and defended."[22]  But the record refutes this claim.  Defendants' own evidence shows that they were put on actual notice of this action when the process server left copies of the complaint with Manzo's office manager.  Further, Plaintiff's application for a clerk's default was served

---

[16]*Brandt*, 653 F.3d at 1111 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

[17]*Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[18]*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–98 (9th Cir. 2001) (emphasis in original)).

[19]*Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1093.

[20]*Brandt*, 653 F.3d at 1111.

[21]Doc. 19-1 at 3.

[22]*Id.*

1  on Defendants by mail, as was its application for a default judgment.  Defendants do

2  not claim that they failed to receive these documents.  Defendants fail to offer any

3  explanation for why it took them over a year after Plaintiff's motion for a default

4  judgment to appear in this case.  Because Defendants understood the consequences

5  of inaction and they offer no good faith explanation for their behavior, the court must

6  assume they acted in bad faith to delay potential liability.  This culpable conduct

7  renders their inaction inexcusable.[23]

8                                    **V.  CONCLUSION**

9          Based on the preceding discussion, defendants' motion at docket 19 is DENIED.

10  DATED this 28th day of September 2016.

11

12                                         /s/ JOHN W. SEDWICK
                           SENIOR JUDGE, UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  [23]*See, e.g., Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094.

                                            -6-